**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2640
_____

United States of America,           *
                        *

       Appellee,          *

                        *     Appeal from the
                             United States
   vs.                 *       District
                               Court for
                               the Southern
                       *     District of Iowa
Sylvester Quincy Barry,       *
                        *

       Appellant.         *

_____

Submitted: October 24, 1997

Filed: January 7, 1998

_____

Before McMILLIAN and BEAM, Circuit Judges, and WEBB,[1]
Chief District Judge.

_____

WEBB, Chief District Judge.

Sylvester Quincy Barry appeals his conviction for
conspiracy to distribute cocaine base ("crack") in
violation of 21 U.S.C. §§ 841 and 846. Barry argues that

---

[1]The Honorable Rodney S. Webb, Chief United States District Judge for the
District of North Dakota, sitting by designation.

the district court[2] committed reversible error when it admitted gun evidence that, according

_____

²The Honorable Harold D. Vietor, Senior United States District Judge for the Southern District of Iowa.

to Barry, was unfairly prejudicial pursuant to Rule 403 of the Federal Rules of Evidence. Barry further argues that the district court should have kept the gun evidence from the jury as a sanction for the government's violation of Rule 12(d)(2) of the Federal Rules of Criminal Procedure. We affirm.

## I.   BACKGROUND

Sylvester Quincy Barry was indicted for conspiracy to distribute cocaine base ("crack") in violation of 21 U.S.C. §§ 841 and 846. The indictment charged that the conspiracy began on or about March 1, 1994, and continued to March 1, 1995. Barry turned eighteen on November 27, 1994.

Prior to trial, Barry made a request, pursuant to Rule 12(d)(2),[3] seeking notice of whether the government intended to offer in its case in chief evidence related to a gun that was seized from Barry on August 3, 1994. The government did not respond to Barry's request. Shortly before trial, Barry filed a motion in limine to prevent the government from presenting the gun evidence due to the government's failure to respond to Barry's

---

[3]Rule 12(d)(2) provides:

**(2) At the Request of the Defendant.** At the arraignment or as soon thereafter as is practicable the defendant may, in order to afford an opportunity to move to suppress evidence under subdivision (b)(3) of this rule, request notice of the government's intention to use (in its evidence in chief at trial) any evidence which the defendant may be entitled to discover under Rule 16 subject to any relevant limitations prescribed under Rule 16.

Rule 12(d)(2) request.  The district court granted Barry's motion based on the Rule 12(d)(2) violation, as well as the nature of the gun evidence.  Shortly thereafter, the district court revisited its decision and found that the proper remedy for the Rule 12(d)(2) violation, in light of the lack of bad faith by the government, was a

suppression hearing rather than exclusion of the evidence. The district court then held a suppression hearing and found the gun evidence admissible despite the Rule 12(d)(2) violation.

During the trial, Barry offered to stipulate to his involvement in the drug conspiracy prior to his eighteenth birthday in an effort to foreclose the government from proving the events prior to November 27, 1994. The government refused to accept Barry's offered stipulation and presented evidence of Barry's involvement in the conspiracy prior to his eighteenth birthday, including evidence related to the gun seized on August 3, 1994. On March 19, 1997, a jury found Barry guilty. On June 6, 1997, Barry was sentenced to serve 188 months in prison.

## II.    DISCUSSION

Barry first argues that the district court erred when it admitted the gun evidence over his Rule 403 objection. According to Barry, because he stipulated to his involvement in the conspiracy prior to his eighteenth birthday, the gun seized prior to his eighteenth birthday was irrelevant. We are not convinced. The law is clear in this Circuit that "as a general rule, the government is not bound by a defendant's offer to stipulate." See United States v. DeAngelo, 13 F.3d 1228, 1232-33 (8th Cir. 1994) (quoting United States v. Hiland, 909 F.2d 1114, 1134 (8th Cir. 1990)). Additionally, it is clear that evidence of a defendant's use of a gun is relevant to his involvement in a drug distribution conspiracy. See United States v. Milham, 590 F.2d 717, 721 (8th Cir. 1979). Such evidence supports an inference that the possessor needed to protect his drugs and money, and therefore, had an intent to distribute drugs.

See United States v. Houston, 892 F.2d 696, 704 (8th Cir. 1989). The district court has broad discretion in deciding to admit evidence over a Rule 403 objection. See United States v. Roach, 28 F.3d 729, 733 (8th Cir. 1994). In this instance, it is clear that the district court's decision was not an abuse of discretion.

Barry next argues that the gun evidence should have been kept from the jury as a sanction for the government's failure to comply with Rule 12(d)(2). Again, we are not convinced by Barry's argument. The government has forthrightly admitted that it violated Rule 12(d)(2). However, as the government argues, there is no evidence in the record to support Barry's argument that the Rule 12(d)(2) violation was a result of bad faith. Additionally, it is clear that Barry was not prejudiced by the government's Rule 12(d)(2) violation because he was afforded a suppression hearing during which the admissibility of the gun evidence was determined. See United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir. 1978) (discussing Rule 12(d)(2) generally and commenting on the defendant's failure to make a showing of prejudice). The remedy afforded Barry by the district court is in line with the language of Rule 12(d)(2) and is supported by the case law of other circuits.[4] Therefore, the district court's decision not to suppress the gun evidence as a sanction for the government's Rule 12(d)(2) violation was not

---

[4]See United States v. de la Cruz-Paulino, 61 F.3d 986, 992-95 (1st Cir. 1995); United States v. Valencia, 656 F.2d 412, 414-16 (9th Cir. 1981). The district court's holding is further supported by the Advisory Committee's notes to Rule 12(d)(2). The notes read in part:

> No sanction is provided for the government's failure to comply with the court's order because the committee believes that attorneys for the government will in fact comply and that judges have ways of insuring compliance. An automatic exclusion of such evidence, particularly where the failure to give notice was not deliberate, seems to create too heavy a burden upon the exclusionary rule of evidence, especially when defendant has opportunity for broad discovery under rule 16. . . . A failure to comply with the duty of giving notice could lead to the suppression of evidence. Nevertheless, the standards make it explicit that the rule is intended to be a matter of procedure which need not under appropriate circumstances automatically dictate that evidence otherwise admissible be suppressed.

Rule 12(d)(2) advisory committee's note (citations omitted).

reversible error.

## III.    CONCLUSION

For the aforementioned reasons, we affirm the judgment of the district court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.