# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1522

_____

United States of America,

        Appellee,

v.

Atanacio Gonzalez-Rodriguez,

        Appellant.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
District of Nebraska.

_____

Submitted: October 17, 2000
Filed: February 9, 2001

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

HANSEN, Circuit Judge.

A jury found Atanacio Gonzalez-Rodriguez guilty of the two counts charged against him in the indictment: (1) possession with intent to distribute methamphetamine within 1000 feet of a school; and (2) possession with intent to distribute methamphetamine. See 21 U.S.C. §§ 841(a)(1), 860(a) (1994). The district court[1] sentenced him to 97 months imprisonment, 8 years supervised release, and a $100

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

special assessment.[2] Gonzalez-Rodriguez appeals his conviction and sentence. We affirm.

## I.

On February 18, 1999, a reliable confidential informant contacted the Omaha Police Department Organized Crime Intelligence Unit and stated that an approximately thirty-year-old Hispanic male going by the name of "Gonzalez" was selling drugs out of a house in Omaha. The informant provided the police with the telephone number where they could reach "Gonzalez." The police traced the number to the home of Guadalupe Galvan-Lara. On February 23, 1999, police conducted a search of the trash left on the curb of Galvan-Lara's home and discovered a glass crack pipe, baggies, foil containing methamphetamine residue, and a notebook belonging to Jose Gonzalez containing names and telephone numbers. Based upon the information provided by the informant and the items uncovered during the trash pick up, police obtained a search warrant for the residence.

Police executed the warrant on February 25, 1999. After knocking and announcing their presence, the officers witnessed through an adjacent window several of the inhabitants talking to each other and walking briskly throughout the house. Afraid that the occupants were destroying evidence and retrieving weapons, the officers entered the house by opening the unlocked front door. Once inside, police found 1.42 grams of methamphetamine, black tape, and a snorter tube in Gonzalez-Rodriguez's bedroom closet; 3.62 grams of methamphetamine in a coat pocket in the living room; and 161.51 grams of methamphetamine hidden behind a panel within a bathroom

---

[2]The district court provisionally sentenced Gonzalez-Rodriguez on Count II of the indictment to 78 months imprisonment, 4 years supervised release, and a $100 special assessment.

vanity.  The drugs found in the bathroom were wrapped into balls secured by the same type  black tape found in Gonzalez-Rodriguez's bedroom.

Police arrested Galvan-Lara, Jorge Moreno-Acosta, Fernando Suarez-Aguilar, and Gonzalez-Rodriguez--the occupants of the house at the time of the search.  Galvan-Lara, Moreno-Acosta, and Gonzalez-Rodriguez were charged with possession with intent to distribute methamphetamine within 1000 feet of a school and with possession with intent to distribute methamphetamine.  The charges against all but Gonzalez-Rodriguez were later dismissed.  On November 4, 1999, a jury convicted Gonzalez-Rodriguez on both counts.  This appeal followed.

## II.

Gonzalez-Rodriguez first asserts that the police violated his Fourth Amendment right against unreasonable searches by improperly searching his home on February 25, 1999, and that any evidence found as a result of this search must be suppressed.  The district court, in adopting the recommendations contained in Magistrate Judge Jaudzemis's report, concluded the search was proper.  At trial, defense counsel stated "no objection" to the introduction of the seized evidence.  We have previously found pretrial objections waived when an appellant's counsel affirmatively stated "no objection" at trial to the admission of evidence previously sought to be suppressed. United States v. Wedelstedt, 589 F.2d 339, 345-46 (8th Cir. 1978), cert. denied, 442 U.S. 916 (1979); see United States v. Johnson, 906 F.2d 1285, 1290 (8th Cir. 1990). Accordingly, Gonzalez-Rodriguez intentionally waived any objection to receipt of this evidence.  In the alternative, we hold the information provided by the confidential informant to the police combined with the items discovered during the trash pick up sufficiently established probable cause to issue the search warrant.  See United States v. Goodson, 165 F.3d 610, 614 (8th Cir.) ("We have repeatedly held that '[t]he statements of a reliable confidential informant are themselves sufficient to support probable cause for a search warrant' . . . .'" (quoting United States v. Formaro, 152 F.3d

768, 770 (8th Cir. 1998))), cert. denied, 527 U.S. 1030 (1999); United States v. Dunlap, 28 F.3d 823, 825 (8th Cir. 1994) (determining information obtained by police from confidential informant and surrounding surveillance established probable cause to issue search warrant). Furthermore, we conclude execution of the warrant was valid. See Goodson, 165 F.3d at 614 ("'The need to force entry may result from danger to the safety of the entering officers or from the imminent destruction of evidence.'" (quoting United States v. Lucht, 18 F.3d 541, 549 (8th Cir.), cert. denied, 513 U.S. 949 (1994))).

Gonzalez-Rodriguez next argues that the district court abused its discretion by not disclosing the confidential informant's identity. We disagree. The court weighs the defendant's right to information against the government's privilege to withhold the identity of its confidential informants. United States v. Bourbon, 819 F.2d 856, 859-60 (8th Cir. 1987). A defendant bears the burden of demonstrating that disclosure is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial. United States v. Sykes, 977 F.2d 1242, 1246 (8th Cir. 1992); Bourbon, 819 F.2d at 860. Here, the informant simply advised the police department that a drug dealer identifying himself as "Gonzalez" was selling drugs out of a house in Omaha and gave the police the telephone number where "Gonzalez" could be reached. The informant provided no further information surrounding this case. Given these circumstances, we conclude the informant was merely a "tipster"--someone who conveys information to the government but who does not participate in the offense--and not material to Gonzalez-Rodriguez's defense. See United States v. Burkett, 821 F.2d 1306, 1310 (8th Cir. 1987); Bourbon, 819 F.2d at 860. Because Gonzalez-Rodriguez failed to show materiality, the district court was well within its discretion to deny revealing the tipster's identity.

Gonzalez-Rodriguez also argues that insufficient evidence exists to support his conviction of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). We review the evidence in the light most favorable to the jury

4

verdict. United States v. Jenkins, 78 F.3d 1283, 1287 (8th Cir. 1996). In order to establish a violation of 21 U.S.C. § 841(a)(1), the government had to prove that Gonzalez-Rodriguez knowingly possessed, and had the specific intent to distribute, the controlled substance. See United States v. McCracken, 110 F.3d 535, 541 (8th Cir. 1997). "Proof of constructive possession is sufficient to satisfy the element of knowing possession." Id. "Constructive possession of drugs can be established if a person has 'ownership, dominion or control over the contraband itself, or dominion over the premises in which the contraband is concealed.'" Id. (quoting United States v. Ojeda, 23 F.3d 1473, 1475 (8th Cir. 1994)). We determine that there is sufficient circumstantial evidence to support the finding that Gonzalez-Rodriguez constructively possessed the methamphetamine: Gonzalez-Rodriguez lived in the home where the police seized the methamphetamine; 1.42 grams were specifically seized from Gonzalez-Rodriguez's bedroom closet along with a snorter tube; and 161.51 grams were seized from a panel behind a bathroom vanity that housed Gonzalez-Rodriguez's toiletries.

Regarding the intent to distribute, the government offered no direct evidence of distribution; however, intent to distribute may be established through circumstantial evidence. See United States v. Moore, 212 F.3d 441, 444 (8th Cir. 2000). Our past decisions have made clear that the intent to distribute a controlled substance may be inferred from such things as "'quantity, purity, and presence of . . . packaging material, or other distribution paraphernalia.'" United States v. Boyd, 180 F.3d 967, 980 (8th Cir. 1999) (quoting United States v. Lopez, 42 F.3d 463, 467 (8th Cir. 1994)). The following evidence illustrates that Gonzalez-Rodriguez possessed the methamphetamine for distribution and sale: the consistency and appearance of the methamphetamine seized from Gonzalez-Rodriguez's bedroom and the bathroom were identical; police found the same black tape both in the bedroom and encasing five packages of methamphetamine in the bathroom; plastic baggies and other packaging material used for distribution were found in the trash behind the house; and the amount of methamphetamine seized is consistent with redistribution. See United States v.

<u>Wiggins</u>, 104 F.3d 174, 177 (8th Cir. 1997) (concluding possession of large quantity of drugs is consistent with intent to distribute). Thus, the evidence supports the jury's verdict that Gonzalez-Rodriguez constructively possessed methamphetamine and intended to distribute it.

Gonzalez-Rodriguez next contends that the district court abused its discretion by allowing the government to present evidence that he possessed methamphetamine with an intent to distribute it within 1000 feet of a school. <u>See</u> 21 U.S.C. § 860(a) (criminalizing possession with intent to distribute a controlled substance within 1000 feet of a school). In hopes of minimizing the evidence's prejudicial effect, Gonzalez-Rodriguez offered to stipulate that his residence was within 1000 feet of a school but only if his stipulation precluded the government from presenting any additional evidence on the issue to the jury. The government declined to accept Gonzalez-Rodriguez's stipulation. "[A] defendant's Rule 403 objection offering to concede a point generally cannot prevail over the Government's choice to offer evidence showing guilt and all the circumstances surrounding the offense." <u>Old Chief v. United States</u>, 519 U.S. 172, 183 (1997). Accordingly, "the government is not bound by a defendant's offer to stipulate." <u>United States v. Barry</u>, 133 F.3d 580, 582 (8th Cir. 1998). In this instance, we find no abuse of discretion.

Furthermore, Gonzalez-Rodriguez argues that 21 U.S.C. § 860 does not state a substantive offense but merely enhances the penalty for violations of 21 U.S.C. § 841(a) committed within 1000 feet of a school. Other federal courts of appeals that have addressed the issue have consistently held that § 860 is a separate offense that requires proof of an element that is not included in § 841. <u>See, e.g.</u>, <u>United States v. Kakatin</u>, 214 F.3d 1049, 1052 (9th Cir.), <u>cert. denied</u>, 121 S. Ct. 262 (2000); <u>United States v. Anderson</u>, 200 F.3d 1344, 1347 (11th Cir. 2000); <u>United States v. Chandler</u>, 125 F.3d 892, 896 (5th Cir. 1997); <u>United States v. McQuilkin</u>, 78 F.3d 105, 109 (3d Cir.), <u>cert. denied</u>, 519 U.S. 826 (1996); <u>United States v. Johnson</u>, 46 F.3d 1166, 1169 (D.C. Cir. 1995); <u>United States v. Parker</u>, 30 F.3d 542, 553 (4th Cir.), <u>cert. denied</u>, 513

U.S. 1029 (1994); <u>United States v. Smith</u>, 13 F.3d 380, 382 (10th Cir. 1993). Despite § 860's reference to § 841, § 860 requires the separate and distinct element of possession with intent to distribute within 1000 feet of a school. Thus, in order to obtain a conviction under § 860, possession with intent to distribute within 1000 feet of a school must be charged and proven by the government beyond a reasonable doubt. See <u>United States v. Ortiz</u>, 146 F.3d 25, 28 (1st Cir.) ("The language of § 860(a) supports the conclusion that the statute punishes drug possession with intent to distribute near a school . . . ."), <u>cert. denied</u>, 525 U.S. 917 (1998). We agree with our sister circuits that Congress intended that § 841 and § 860 be separate substantive offenses, and therefore, Gonzalez-Rodriguez's argument fails.

Finally, Gonzalez-Rodriguez argues various sentencing errors: First, the district court's determination of drug quantity was excessive. Second, the district court should have credited him with a two-level acceptance of responsibility reduction. Regarding drug quantity, the district court determined that 157 grams of methamphetamine were attributable to Gonzalez-Rodriguez. Consequently, Gonzalez-Rodriguez faced a statutory sentencing range of five to eighty years imprisonment and eight years of supervised release. See 21 U.S.C. §§ 841(b)(1)(B) (1994 & Supp. IV 1998) (providing five to forty-year sentence for possession with intent to distribute), 860(a) (doubling the statutory maximum under § 841(b) for possession with intent to distribute within 1000 feet of a school).

Gonzalez-Rodriguez contends that only the 1.42 grams of methamphetamine the police seized from his bedroom were attributable to him, placing him at a base offense level of 12. See USSG § 2D.1.1(c)(14) (1998). Instead, the district court determined Gonzalez-Rodriguez was responsible for at least 50 grams but less than 200 grams of methamphetamine directly involving a protected location, giving him a base offense level of 28. See <u>id.</u> §§ 2D.1.1(c)(7), 2D1.2(a)(1). This base offense level combined with Gonzalez-Rodriguez's criminal history category of III made him eligible for a sentence within the Guideline range of 97 to 121 months imprisonment. The district

court sentenced Gonzalez-Rodriguez to 97 months imprisonment--well below the 80-year statutory maximum[3] and at the lowest level of the Sentencing Guideline range--and 8 years of supervised release.

We review the district court's determination of drug quantity for clear error. United States v. Ortega, 150 F.3d 937, 945 (8th Cir. 1998), cert. denied, 525 U.S. 1087 (1999). A reviewing court will overturn a finding of "drug quantity only if the entire record definitely and firmly convinces us that a mistake has been made." United States v. Granados, 202 F.3d 1025, 1028 (8th Cir. 2000) (internal quotations omitted). Gonzalez-Rodriguez argues that because the jury did not specifically find that he possessed or knew about the drugs found in the bathroom when convicting him of possession with intent to distribute methamphetamine then neither should the district court when it determined quantity. We disagree.

The court may "consider any evidence in its sentencing determination as long as it has sufficient indicia of reliability to support its probable accuracy." United States v. Behler, 14 F.3d 1264, 1273 (8th Cir.) (internal quotations omitted), cert. denied, 513 U.S. 960 (1994). In cases where the sentencing judge also presided over the trial, a district court may rely on evidence submitted at trial or during the sentencing hearing and on uncontested statements from the defendant's presentence report. See United States v. Delpit, 94 F.3d 1134, 1154 (8th Cir. 1996). At sentencing, the district court made explicit factual findings regarding drug quantity based upon its assessment of the evidence introduced at trial and at the sentencing hearing. The court concluded that the methamphetamine recovered from the bedroom and the bathroom had the same appearance, consistency, and purity. Furthermore, the black tape and packaging

---

[3]Indeed, the sentence was well below the statutory maximum regardless of quantity. See 21 U.S.C. §§ 841(b)(1)(C) (providing twenty-year maximum for Schedule II substances not covered by § 841(b)(A) or (B)), 860(a) (doubling the maximum sentence under § 841(b)(1)(C) to forty years).

material were found with the drugs in both locations. The district court also conducted a careful evaluation of the government's witnesses at trial and concluded they were credible, their testimony was reliable, and they stood virtually unchallenged. Credibility determinations are squarely within the province of the district court and "virtually unreviewable on appeal." United States v. Sample, 213 F.3d 1029, 1034 (8th Cir. 2000). The district court did not err in determining drug quantity.

Gonzalez-Rodriguez further asserts that the district court abused its sentencing discretion by refusing to grant him a two-level acceptance of responsibility reduction as provided by USSG § 3E1.1(a) (1998). "When reviewing the grant or denial of a reduction for acceptance of responsibility, we afford great deference to the determination of the district court judge, who is in a unique position to evaluate whether a defendant has accepted responsibility for his offense." United States v. Field, 110 F.3d 592, 594 (8th Cir. 1997). We reverse only for clear error. United States v. Kind, 194 F.3d 900, 905 (8th Cir. 1999), cert. denied, 120 S. Ct. 1217 (2000). In this case, Gonzalez-Rodriguez proceeded to trial. The Guidelines provide that the acceptance of responsibility "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." USSG § 3E1.1, comment. (n.2). A defendant who has proceeded to trial may overcome this bar to a reduced sentence in the rare instance when the issues for trial did not relate to factual guilt. Id. Gonzalez-Rodriguez does not present such an instance: from pretrial to sentencing, Gonzalez-Rodriguez denied any connection to the methamphetamine found in the bathroom. The district court's decision is consistent with the Guidelines and is not clearly erroneous.

The judgment of the district court is affirmed. We note the district court's conditional order dated December 7, 1999, dismissing the conviction on Count II of the indictment and its corresponding provisional sentence upon the affirmance by this court of the conviction and sentence on Count I.

9

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.