# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2256

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota |
| | * | |
| Jaevon Darnell Giddens, also known as | * | |
| Alexzander Darnell Carter, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2001

Filed: April 6, 2001

_____

Before MURPHY, LAY, and BYE, Circuit Judges.

_____

PER CURIAM.

Jaevon Giddens challenges the decision of the district court[1] not to reduce his sentence for acceptance of responsibility. See U.S.S.G. § 3E1.1. We affirm.

In October 1999, Minneapolis police officers discovered crack cocaine and firearms in Giddens's home while executing a search warrant. Giddens was later

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

indicted on one count of possessing crack with intent to distribute it, and one count of possessing a firearm following a felony conviction. Giddens was released on bond, but he violated the conditions of his release by neglecting to report to Pretrial Services, and by smoking marijuana. He also failed to appear for a pre-trial motions hearing. Federal authorities eventually arrested Giddens in December 1999.

Giddens agreed to plead guilty to the firearm possession count, and to a one-count information which charged him with jumping bail, 18 U.S.C. § 3146(a). Prior to sentencing, the Probation Office recommended that Giddens receive a 2-level enhancement for obstructing justice; the Office also recommended that Giddens *not* receive a 2-level reduction for acceptance of responsibility. Giddens objected to the latter recommendation, but the district court overruled the objection and declined to reduce Giddens's sentence. Giddens now pursues this argument on appeal.

A district court's decision to deny an acceptance of responsibility reduction rests mainly upon factual and credibility determinations, so we review that court's decision for clear error. See United States v. Gonzalez-Rodriguez, 239 F.3d 948, 954 (8th Cir. 2001). Because the district court enhanced Giddens's sentence for obstructing justice, Giddens wasn't entitled to a reduced sentence for acceptance of responsibility unless his case was extraordinary. United States v. Honken, 184 F.3d 961, 967-73 (8th Cir. 1999). This case does not present the type of extraordinary circumstances that merit a reduced sentence for acceptance of responsibility. Cf. id. at 972 (suggesting that a case is not extraordinary where defendant attempted to avoid electronic monitoring and kill a witness while on pretrial release). Giddens's bail-jumping demonstrates a desire to avoid facing the consequences of his criminal acts — hardly an "acceptance" of responsibility.

The district court did not clearly err in refusing Giddens an acceptance of responsibility reduction, and we therefore affirm the district court's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.