# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1405

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| James Allen Carter, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 9, 2001

Filed:   April 9, 2001

_____

Before BEAM, MORRIS SHEPPARD ARNOLD, Circuit Judges, ALSOP,[1] District
Judge.

_____

PER CURIAM.

James Allen Carter pleaded guilty to drug trafficking in violation of 21 U.S.C.
§§ 841 and 846 and was sentenced to 104 months in prison.  Carter appeals his
sentence.  We affirm.

_____

[1]The Honorable Donald D. Alsop, United States District Judge for the District
of Minnesota, sitting by designation.

Carter entered into a plea agreement and stipulation of facts stating that he was responsible for "approximately fifteen kilograms" of cocaine. At sentencing, the presentence investigation report (PSR) specified Carter was responsible for fifteen kilograms of cocaine resulting in a base offense level of 34 under the Sentencing Guidelines. Carter did not object to this drug quantity, nor to any other part of the PSR. The district court[2] determined the drug quantity by adopting the PSR's factual allegations as true and calculated Carter's guidelines range accordingly. Had Carter been responsible for less than fifteen kilograms, his base offense level would only have been 32. U.S.S.G. § 2D1.1(c)(4). Carter argues that because fifteen kilograms is the cutoff between two base offense levels, it was plain error for the district court to calculate his sentencing range based on these facts without making a specific evidentiary finding concerning the drug amount.

We review a district court's determination of drug quantity for clear error. United States v. Gonzales-Rodriguez, 239 F.3d 948, 953 (8th Cir. 2000). We will only overturn a drug quantity finding if "the entire record definitely and firmly convinces us that a mistake has been made." Id. If Carter wished to object to the change from "approximately fifteen kilograms" in the stipulated facts to "fifteen kilograms" in the PSR, he should have done so when given the opportunity at his sentencing hearing. Without a specific objection from Carter, the court was well within its authority to accept as true the PSR's factual allegations concerning drug quantity. See United States v. Montanye, 996 F.2d 190, 193 (8th Cir. 1993) (en banc).

Accordingly, we affirm the sentence imposed by the district court.

---

[2]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.