# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3225

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　Appellee,　　　　　　　*　Appeal from the United States
　　　　　　　　　　　　　　　　　*　District Court for the Western
　　v.　　　　　　　　　　　　　　 *　District of Missouri.
　　　　　　　　　　　　　　　　　*
Derrick B. Smith,　　　　　　　　　*　　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　　Appellant.　　　　　　 *

_____

Submitted: April 15, 2003

Filed: April 21, 2003

_____

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

_____

PER CURIAM.

After Derrick B. Smith provided cocaine to Sarah Flatley and Elizabeth Callison at his mother's apartment, Callison had a seizure. Flatley and Smith took Callison to a hospital emergency room, where she died from a cocaine overdose. Smith initially told police the girls had brought the cocaine with them, but eventually admitted it was his. Smith consented to a search of his car, and officers found 144 grams of cocaine. The Government charged Smith with distribution of cocaine resulting in death and possession with intent to distribute cocaine. 21 U.S.C. §§

841(a)(1), (b)(1)(C). The district court[*] appointed the Federal Public Defender's Office (FPD) to represent Smith. After obtaining continuances, retained counsel entered an appearance and the FPD was allowed to withdraw. Retained counsel later filed a motion to withdraw stating Smith refused to cooperate or assist in his defense. The district court granted the motion and reappointed the FPD to represent Smith. Three weeks later, Smith filed a pro se motion to withdraw the FPD. During a hearing on the motion, the FPD told the court Smith wouldn't communicate or cooperate with him. Noting both retained and appointed attorneys had had cooperation and communication problems with Smith, and Smith had asked both to file motions the attorneys deemed inappropriate, the magistrate judge denied Smith's pro se motion. On the day of trial, Smith requested a sixth continuance so that newly retained counsel could enter his appearance. The district court, well aware of Smith's difficulties with his attorneys, held a hearing then denied Smith's motion, stating Smith sought to delay the case as long as possible. A jury convicted Smith, and the court sentenced him to 340 months in prison. Smith appeals raising several issues. We reject them all.

First, the magistrate judge, who was familiar with the status of Smith's attorney-client relationships, adequately inquired into Smith's pro se request for replacement of appointed counsel before denying the request. Second, the district court did not abuse its broad discretion or violate Smith's Sixth Amendment right in denying Smith's request for substitute counsel on the morning of trial. United States v. Vallery, 108 F.3d 155, 157 (8th Cir. 1997). Third, the district court did not abuse its discretion in refusing to give a lesser included offense instruction for simple possession on either count of the indictment. See United States v. Thompson, 492 F.2d 359, 362 (8th Cir. 1974). Fourth, the verdict director on count one correctly stated the Government need not prove that the transfer of cocaine was in exchange

[*]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

for money or that it was foreseeable to Smith that the cocaine would or could cause the death of Callison. United States v. McIntosh, 236 F.3d 968, 972-73 (8th Cir. 2001) (defendant need not foresee drug recipient's death for purposes of enhanced penalty under 21 U.S.C. § 841). The director did not invade the province of the jury. Fifth, the district court did not commit plain error in permitting the prosecutor to argue during closing that Smith, rather than Callison or Flatley, was the liar in the case. The comment was based on the evidence, which showed Smith had falsely denied to police that he had supplied Callison with cocaine, and the prosecutor was merely responding to Smith's attempt to shift blame to Callison and Flatley. See United States v. White, 241 F.3d 1015, 1023 (8th Cir. 2001); United States v. Nichols, 21 F.3d 1016, 1019 (10th Cir. 1994). Sixth, the district court did not commit clear error in denying Smith a two-level reduction in his offense level for acceptance of responsibility because he has consistently refused to accept any responsibility for the acts that resulted in Callison's death. U.S. Sentencing Guidelines Manual § 3E1.1 n.2; United States v. Gonzalez Rodriguez, 239 F.3d 948, 954 (8th Cir. 2001). This is not one of the rare cases in which a defendant can insist on trial, deny the essential factual elements of the charges, and still obtain the reduction. Id.

We thus affirm Smith's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-