# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1412

_____

United States of America,        *
                                  *

        Appellee,        *

                                  *      Appeal from the United States

    v.                       *      District Court for the

                                  *      District of Nebraska.

Octavio Delvillar,        *

                                  *           [UNPUBLISHED]

        Appellant.      *

_____

Submitted: November 12, 2007
Filed: November 26, 2007

_____

Before MURPHY, HANSEN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Octavio Delvillar appeals from his conviction for possession with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine. <u>See</u> 21 U.S.C. § 841(a)(1). Delvillar's post-briefing, pro-se Motion to Amend Direct Appeal is also before this court. We deny Delvillar's motion to amend, and we affirm his conviction.

I.

Early in the morning on April 6, 2005, Nebraska State Trooper David Frye pulled over Delvillar's Ford Excursion for multiple traffic violations. Delvillar was traveling with a passenger named Fernando Nunez. In the course of this traffic stop, Delvillar gave Trooper Frye oral and written consent to search his vehicle. During Frye's subsequent investigation, he discovered a hidden, after-market compartment underneath the vehicle. Trooper Frye then handcuffed Delvillar and Nunez and placed them in his patrol car. The vehicle was towed to the Nebraska State Patrol Office in Lincoln, where the compartment was searched. During the search, Troopers discovered 25 packages storing a mixture containing a detectable amount of cocaine. The packages were substantially similar in weight, and the single package weighed by the Nebraska State Patrol criminalistics laboratory totaled just under one kilogram.

In May 2005, Delvillar and Nunez were both indicted for knowingly and intentionally possessing with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 18 U.S.C. § 2. After a three-day trial, the jury found both Delvillar and Nunez guilty. The district court[1] sentenced Delvillar to 151 months of imprisonment. This appeal follows.

II.

Delvillar's primary argument on appeal is that the evidence is insufficient to support the jury's verdict. We review a challenge to the sufficiency of the evidence de novo. United States v. Honarvar, 477 F.3d 999, 1000 (8th Cir. 2007). We view the evidence in the light most favorable to the verdict and will "reverse only if no

---

[1] The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

reasonable jury could find the defendant guilty beyond a reasonable doubt." United States v. Spears, 454 F.3d 830, 832 (8th Cir. 2006). In reviewing the evidence, we do not make credibility determinations or weigh conflicting evidence; these judgments are squarely committed to the jury. Id.

To convict a defendant of possession with the intent to distribute a controlled substance, the government is required to prove beyond a reasonable doubt that the defendant: "(1) was in possession of [the controlled substance] ; (2) knew he was in possession of [the controlled substance] ; and (3) intended to distribute some or all of the [controlled substance]." United States v. Jenkins, No. 06-4136, 2007 WL 2963750, at *3 (8th Cir. Oct. 12, 2007). "Proof of constructive possession is sufficient to satisfy the element of knowing possession." United States v. Gonzalez-Rodriguez, 239 F.3d 948, 951 (8th Cir. 2001). To establish constructive possession, the government is required to prove that the defendant had "knowledge and ownership, dominion, or control over the contraband itself, or dominion over the vehicle in which the contraband is concealed." United States v. Johnson, 470 F.3d 1234, 1238 (8th Cir. 2006) (internal marks omitted), cert. denied, 2007 WL 2004796 (U.S. Oct. 1, 2007) and 2007 WL 2818065 (U.S. Oct. 29, 2007).

Specifically, Delvillar contends that the evidence is insufficient to permit a reasonable jury to conclude that Delvillar knew he was transporting a substance containing cocaine. We respectfully disagree.

The government's evidence showed that Delvillar bought, owned, and was in control of the Ford Excursion carrying 25 packages of cocaine. This substance was hidden in a concealed compartment affixed to the underside of the vehicle. Delvillar's ownership of and control over the vehicle standing alone supports the jury's determination that Delvillar knowingly possessed the cocaine. See United States v. Flores, 474 F.3d 1100, 1105 (8th Cir. 2007) ("Flores's dominion over the vehicle alone could support a finding that he knowingly possessed the methamphetamine . . . .").

But we need not rely on this evidence alone. The jury's verdict is also supported by Trooper Frye's discovery of air fresheners inside the vehicle, an item commonly used to mask the odor of illegal drugs. See id. (discussing circumstantial evidence supporting the jury's verdict, including the discovery of multiple cell phones and air fresheners). Furthermore, Trooper Frye testified that Delvillar appeared extremely nervous during the traffic stop. See United States v. Timlick, 481 F.3d 1080, 1084 (8th Cir. 2007) (noting that the defendant's nervousness during a traffic stop is a fact that a reasonable jury may "interpret as suggesting a consciousness of guilt"). Additionally, Delvillar and Nunez gave inconsistent accounts of how he and Nunez met, and Delvillar made several false statements to Trooper Frye regarding the vehicle and the details of his trip. See id. (noting that the inconsistent accounts of the defendant and the passenger supported the inference that the defendant had knowledge that illegal drugs were hidden inside the vehicle). Just as damaging was the way that Delvillar chastised Nunez for straying from their agreed-upon story after Trooper Frye placed them in his patrol car, a conversation that was recorded unbeknownst to Delvillar and Nunez. This circumstantial evidence supports the jury's determination that Delvillar knew that there was cocaine hidden in the vehicle.

The government also offered evidence tending to show that at the time Delvillar purchased the Ford Excursion, there was no hidden compartment affixed to the vehicle. Delvillar purchased the Excursion from The Auto Yard on March 16, 2005, paying cash. The Auto Yard purchased the vehicle from Quincy's Auto Auction on January 10, 2005, and the owner of the Auto Yard testified that The Auto Yard would not have performed any body work on the Excursion before it sold the vehicle to Delvillar. Further, the general manager of Quincy Auto testified that Quincy Auto's vehicle-condition report of December 9, 2004, indicated no frame damage or alterations. Quincy Auto's records also indicated that no work was done on the vehicle before it was sold to The Auto Yard. This evidence is sufficient to permit a reasonable jury to infer that Delvillar facilitated the construction of the hidden, after-

market compartment, which in turn supports the jury's determination that Delvillar knew that cocaine was hidden in the concealed compartment.

Delvillar relies on United States v. Mendoza-Larios, 416 F.3d 872 (8th Cir. 2005), and United States v. Pace, 922 F.2d 451 (8th Cir. 1990), to support his contention that the evidence is insufficient to support the jury's finding of knowing possession. In Mendoza and Pace, we concluded that there was insufficient evidence to support the defendants' convictions for possession with the intent to distribute illegal drugs, even though the defendants were driving vehicles containing illegal drugs hidden in concealed compartments. Mendoza, 416 F.3d at 876 (noting that neither defendant was nervous, both gave generally consistent stories, and both were cooperative); Pace, 922 F.2d at 453 (noting that the defendant had no reason to know drugs were contained in the other traveler's luggage). But here, unlike the evidence produced in Mendoza and Pace, the government's case is sufficient to prove that Delvillar bought and owned the Excursion, and that Delvillar constructed the compartment in which the substance containing cocaine was concealed. Cf. Mendoza, 416 F.3d at 873 (noting that neither defendant owned the vehicle); Pace, 922 F.2d at 452 (noting that the defendant did not own the vehicle or the luggage containing the drugs). Delvillar and Nunez's incriminating conversation in Trooper Frye's patrol car combined with the other circumstantial evidence cited above also makes the government's evidence here stronger than that in Mendoza and Pace. While superficially similar, Mendoza and Pace in no way foreclose our ultimate conclusion that the evidence is sufficient to support Delvillar's conviction.

Based on the foregoing evidence and analysis, we conclude that the government's case is sufficient to permit a reasonable jury to find beyond a reasonable doubt that Delvillar knew he was in possession of five kilograms of cocaine.

## III.

After briefing, Delvillar filed a pro-se motion to amend his direct appeal, which was referred to the panel considering the merits of the appeal.  In Delvillar's supplementary brief, he contends that his Fourth Amendment rights were violated in the course of Trooper Frye's traffic stop and subsequent investigation.  Because it is not our practice to consider pro se briefs submitted by counseled parties, we deny Delvillar's motion to amend.  See United States v. Stanko, 491 F.3d 408, 411 n.2 (8th Cir. 2007) (summarily dismissing defendant's pro se filings); United States v. Dierling, 131 F.3d 722, 734 n.7 (8th Cir. 1997) ("It is not our practice to consider pro se briefs filed by parties represented by counsel . . . .").

Delvillar's motion to amend is denied.  The judgment of the district court is affirmed.

_____