# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3890

_____

United States of America

*Plaintiff - Appellee*

v.

Santana Drapeau

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Pierre

_____

Submitted: December 14, 2015
Filed: July 1, 2016

_____

Before WOLLMAN, LOKEN, and BYE, Circuit Judges.[1]

_____

WOLLMAN, Circuit Judge.

Santana Drapeau was convicted of one count of assault and two counts of domestic assault by a habitual offender, in violation of 18 U.S.C. § 117. He argues

_____

[1]This opinion is being filed by Judge Wollman and Judge Loken pursuant to 8th Cir. Rule 47E.

that the district court[2] improperly admitted testimony by his then girlfriend, Dondee St. John, about the facts underlying Drapeau's three prior tribal-court convictions for domestic abuse. He further argues that his uncounseled prior convictions in tribal court cannot serve as predicate offenses under § 117. We affirm.

I.

On the night of May 17, 2014, Drapeau attended a party with his sister, Tessa Bad Moccasin; St. John; and several others. At one point in the evening, Drapeau approached St. John and demanded that she leave the party with him. When she refused, he struck her on the side of her face, knocking her to the ground. Drapeau then left the party with Bad Moccasin.

Some time later, St. John returned to the house that she shared with Drapeau and fell asleep on the couch. Later, Drapeau, Bad Moccasin, and Drapeau's father arrived at the house. Drapeau awakened St. John, and the two went into their bedroom, where they argued and Drapeau once again assaulted St. John.

Early the following morning, St. John left the house and walked across the street to the house in which her mother, Shelly Taylor, was living. At St. John's request, Taylor called the police and was thereafter informed by St. John that Drapeau had choked her. Taylor walked across the street, woke up Drapeau, and told him that the police were on the way. Taylor then left the house, followed closely by Drapeau, who proceeded to strike the windshield and most of the windows of St. John's car with a baseball bat, damaging the windshield and shattering the windows. Drapeau then drove away in Bad Moccasin's car and was later arrested.

---

[2]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

Drapeau filed a motion in limine that sought to exclude testimony by St. John regarding Drapeau's prior tribal-court convictions for domestic abuse in which St. John was the victim. The motion argued that St. John's testimony would constitute inadmissible evidence of prior bad acts, that her testimony would be irrelevant, and that the risk of unfair prejudice from that testimony would outweigh its probative value. The motion also sought to exclude the judgments from his tribal-court convictions, in which he had pleaded no contest. The district court denied the motion. Prior to St. John's testimony about Drapeau's prior domestic-abuse convictions, and without any objection from Drapeau, the district court issued a limiting instruction to the jury:

> Ladies and gentlemen of the jury, you are about to hear testimony, the Court anticipates, about an alleged assault that occurred on a previous occasion by this Defendant. He is not on trial for that assault, and you cannot take into consideration the prior assault as evidence that he did anything wrong on May 18, 2014; that is, this is not evidence of any character or habit or bad acts or traits.

> This is simply being received as evidence that there is a predicate offense; that is, that there is a previous conviction of an offense that—and you need to find this as part of the elements—that if it had been subject to federal jurisdiction would be an assault against a spouse or intimate partner. And that's the limited purpose for which the Court is receiving this evidence.

St. John then proceeded to describe three prior occasions on which Drapeau had abused her. She first testified that in 2010, while she and Drapeau were living together, he broke a window at her mother's house and "pulled [her] around by [her] hair." She next testified that in January 2012, while she and Drapeau were living together with their child, Drapeau "beat [her] up" and hit her in the face. Finally, she testified that in September 2012, Drapeau threatened her and broke the windows of their home with a shovel.

The jury returned a verdict of not guilty on the charge of assault by strangulation, but found Drapeau guilty of the lesser-included offense of assault. The jury also found Drapeau guilty of both counts of domestic abuse by a habitual offender. The district court sentenced Drapeau to 41 months' imprisonment. Drapeau argues on appeal that the district court erred in admitting St. John's testimony about the facts underlying his prior convictions, as well as in admitting evidence regarding his uncounseled tribal-court convictions.

II.

We review a district court's admission of objected-to evidence for abuse of discretion. United States v. Whitetail, 956 F.2d 857, 861 (8th Cir. 1992). We will reverse the district court's decision "only when an improper evidentiary ruling affects the substantial rights of the defendant, or the error had more than a slight influence on the verdict." United States v. Thomas, 791 F.3d 889, 895 (8th Cir. 2015) (quoting Finan v. Good Earth Tools, Inc., 565 F.3d 1076, 1080 (8th Cir. 2009)). Drapeau argues that because St. John's testimony about the facts underlying his prior convictions for domestic abuse was irrelevant and highly prejudicial, it was admitted in violation of Federal Rules of Evidence 402 and 403.

Drapeau argues first that the district court's conclusion that St. John's testimony was relevant stemmed from the court's erroneous belief that Drapeau's conduct, rather than the elements of the domestic-abuse offense alone, was admissible to show that the prior convictions constituted assaults under federal law. The statute provides:

> Any person who commits a domestic assault within . . . Indian country and who has a final conviction on at least 2 separate prior occasions in Federal, State, or Indian tribal court proceedings for offenses that would be, if subject to Federal jurisdiction[,] . . . any assault . . . against a

spouse or intimate partner . . . shall be fined under this title, imprisoned for a term of not more than 5 years, or both . . . .

18 U.S.C. § 117. Accordingly, the government was required to prove beyond a reasonable doubt (1) that Drapeau had at least two prior convictions, (2) that the prior convictions were for offenses that would be considered "any assault" under federal law, and (3) that the convictions were for offenses committed against a spouse or intimate partner. Even if we were to accept Drapeau's argument that the elements of the crimes to which he had pleaded guilty would by themselves have been sufficient to prove that his prior convictions qualified as assaults, St. John's testimony was nonetheless relevant to prove that the convictions had occurred—the first element—and that she was a "spouse or intimate partner"—the third element. 18 U.S.C. § 117; cf. Old Chief v. United States, 519 U.S. 172, 178-79 (1997) ("If, then, relevant evidence is inadmissible in the presence of other evidence related to it, its exclusion must rest not on the ground that the other evidence has rendered it 'irrelevant,' but on its character as unfairly prejudicial, cumulative or the like, its relevance notwithstanding."). Thus, regardless of whether St. John's testimony was relevant to prove that his prior crimes constituted "any assault" under § 117, it was admissible for other purposes.[3]

---

[3]It is unnecessary for us to reach the merits of Drapeau's argument that the elements of his prior conviction, rather than his underlying conduct, can be used to prove that his prior convictions constituted assaults under federal law. With respect to Drapeau's Rule 402 irrelevancy objection, which he properly preserved, St. John's testimony was relevant and thus admissible. Drapeau did not otherwise preserve his elements/underlying-conduct argument, and so plain error review applies. Fed. R. Crim. P. 52(b). Even if it could be said that the district court committed error by permitting the government to present evidence of Drapeau's conduct rather than limiting it to the elements of the crimes Drapeau had been convicted of, the error was not "plain." See United States v. Olano, 507 U.S. 725, 734 (1993) (discussing the plain error rule).

Drapeau also contends that St. John's testimony was irrelevant because the court, not the jury, was responsible for deciding whether the domestic-abuse convictions qualified as predicate crimes. Because it is raised for the first time on appeal, we review this contention for plain error only. The government is required to prove "each element of a crime . . . to the jury beyond a reasonable doubt," Alleyne v. United States, 133 S. Ct. 2151, 2156 (2013), and thus we cannot say that it was error of any kind, and certainly not plain error, to admit St. John's testimony for the purpose of proving the predicate crimes.

Drapeau next argues that even if relevant, the probative value of St. John's testimony was substantially outweighed by its prejudicial effect. Fed. R. Evid. 403. Relying on Old Chief v. United States, Drapeau asserts that the district court abused its discretion in admitting the details of his prior offenses. In Old Chief, the defendant was charged with possession of a firearm by someone with a prior felony conviction in violation of 18 U.S.C. § 922(g)(1). 519 U.S. at 174-75. The Court reaffirmed the accepted rule that "the prosecution is entitled to prove its case by evidence of its own choice," but it held that, although the evidence was relevant, the district court had abused its discretion by admitting the record of the defendant's prior conviction of assault resulting in serious bodily injury to prove the prior-conviction element in the face of the defendant's offer to stipulate to that element. Id. at 189, 191-92. We have repeatedly emphasized the narrowness of the Court's holding in Old Chief, see, e.g., United States. v. Jandreau, 611 F.3d 922, 924 (8th Cir. 2010) (limiting the Court's holding to evidence of prior convictions), and whatever the result might have been had he done so, Drapeau did not offer to stipulate that his prior convictions constituted predicate offenses. Moreover, any prejudicial effect that St. John's testimony might have had on the jury was mitigated by the district court's several-times-repeated curative instruction. Accordingly, we conclude that the district court did not abuse its discretion by admitting St. John's testimony.

Drapeau finally argues that two of his three prior convictions cannot serve as predicate crimes under 18 U.S.C. § 117 because although indigent, he was not afforded his Sixth Amendment right to counsel. The Supreme Court recently decided this issue adversely to Drapeau, holding that because the Sixth Amendment right to counsel does not apply in tribal-court proceedings, the "use of [validly obtained tribal-court] convictions as predicate offenses in a § 117(a) prosecution does not violate the Constitution." United States v. Bryant, No. 15-420, 2016 WL 3221519, at *12 (U.S. June 13, 2016).

III.

The judgment is affirmed.

_____