# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2992

_____

| | |
|---|---|
| Kenneth Summerville, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the Eastern |
| | *   District of Missouri. |
| Trans World Airlines, Inc., | * |
| | * |
| Appellant. | * |

_____

Submitted: April 13, 2000

Filed: August 7, 2000

_____

Before WOLLMAN, Chief Judge, BEAM, Circuit Judge, and FRANK,[1] District Judge.

_____

BEAM, Circuit Judge.

The district court entered judgment against Trans World Airlines (TWA) after a jury returned a verdict for Kenneth Summerville on his claims of race and disability discrimination. TWA appeals. We affirm judgment on the race claim without further discussion, see 8th Cir. R. 47B, and we reverse judgment on the disability claim for the reasons detailed below.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota, sitting by designation.

For several years, Summerville worked for TWA as an employee-in-charge. In that position, Summerville supervised and assisted the customer service agents who work in the airport gate area. These customer service agents have several responsibilities, including coordination of the boarding and deplaning of passengers. During Summerville's employee-in-charge shifts, he would oversee four gates at a time.

In 1994, Summerville was restricted to lifting no more than forty pounds due to injuries sustained in a car accident. TWA accommodated Summerville's restriction and assigned him to limited duty. Currently, Summerville is assigned to a desk-job as a zone coordinator. In this position, Summerville oversees a large number of gates (approximately fifteen) and works with employees-in-charge to ensure gates are properly staffed with customer service agents.[2]

A collective bargaining agreement exists between TWA and its customer service agents, employees-in-charge, and zone coordinators. Under this agreement, employees on limited duty are restricted from working overtime and holidays. TWA also has a policy of restricting employees on limited duty from day-trading, which, in this context, refers to trading days of work with other employees. Summerville disagreed with TWA's decision to restrict him from working overtime and holidays, and from day-trading, so he brought a grievance under the collective bargaining agreement.

A System Board of Adjustment (System Board) was convened to arbitrate the grievance. After presentation of evidence by the parties, the System Board denied Summerville's grievance. In rendering its decision, the System Board made several factual findings, two of which are important to resolution of this case. First, the System Board determined that the collective bargaining agreement requires customer service

---

[2]Zone coordinator positions are considered employee-in-charge positions. However, to avoid confusion, when this opinion uses the term "employee-in-charge," it only refers to an employee-in-charge who oversees four gates at a time.

agents and employees-in-charge to lift bags and wheelchair passengers. Second, the System Board determined that on holiday, overtime, and day-trading shifts, Summerville would not necessarily be able to work as a zone coordinator, but would need to be available to work as a customer service agent or employee-in-charge.

In addition to his grievance, Summerville also brought this action, claiming TWA engaged in unlawful disability discrimination when it barred him from working overtime and holidays, and from day-trading. To prove disability discrimination, Summerville must show he can perform the essential functions of the job. See Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir. 1995). TWA contends Summerville is barred by issue preclusion[3] from challenging the two System Board findings noted above, and that, with these findings, the district court should have granted its motion for judgment as a matter of law because Summerville cannot perform the essential functions of overtime, holiday, and day-trading employment.

We agree with TWA that the System Board decision precludes Summerville from arguing about the job requirements for holiday, overtime, and day-trading shifts. We defer to the System Board's fact-finding because the System Board has exclusive statutory authority to decide disputes, such as Summerville's, regarding the interpretation and application of the collective bargaining agreement. See Bowe v. Northwest Airlines, Inc., 974 F.2d 101, 103 (8th Cir. 1992). In addition, the traditional elements of issue preclusion are present because these fact issues are identical in both the System Board case and the present case; these fact issues were actually litigated before the System Board; resolution of these fact issues was necessary and essential to the judgment of the System Board; and the System Board's decision was a final,

---

[3]Under the doctrine of issue preclusion, a party is barred from relitigating an issue previously determined by a court of competent jurisdiction when the issue previously determined was necessary to the outcome of the case. See 18 James Wm. Moore et. al., Moore's Federal Practice ¶ 132.01 (3d ed. 1997).

valid judgment.  See Haley v. Retsinas, 138 F.3d 1245, 1248 (8th Cir. 1998) (listing factors considered in application of issue preclusion).  Thus, the System Board's findings preclude Summerville from arguing that lifting is not required of customer service agents and employees-in-charge, and that on overtime, holiday, and day-trading shifts, Summerville is not required to be available to work as a customer service agent or employee-in-charge.

Having determined which facts Summerville is precluded from challenging, we now turn to the question of whether TWA is entitled to judgment as a matter of law because Summerville cannot perform an essential function of his overtime, holiday, and day-trading employment.  Essential functions are the fundamental duties of a job, not activities at the margins.  See 29 C.F.R. § 1630.2(n)(1).  Essential functions are established by looking at: the employer's judgment as to what functions are essential; written job descriptions; the collective bargaining agreement; the amount of time spent on the job performing the functions; the consequences of not requiring the employee to perform the functions; and the work experience of employees in similar jobs.  See 29 C.F.R. § 1630.2(n)(3).   We review the district court's denial of TWA's motion on the essential function issue de novo.  See Douglas County Bank & Trust Co. v. United Fin. Inc., 207 F.3d 473, 477 (8th Cir. 2000).  In making our determination, we must view the evidence presented at trial in the light most favorable to Summerville and reverse only if the evidence was insufficient to support the jury verdict.  See id.

Summerville asserts judgment as a matter of law is inappropriate because he presented evidence that customer service agents and employees-in-charge actually performed little lifting of bags and wheelchair passengers, and, when these duties are required, other TWA employees are regularly available to perform these tasks for him. TWA counters that it views lifting wheelchair passengers and bags as an essential function of the customer service agent and employee-in-charge positions; that performing these duties is required by the collective bargaining agreement; and that on overtime, holiday, and day-trading shifts, Summerville must not only be available as a

zone coordinator, but must also be available to work as a customer service agent or as an employee-in-charge.

The arguments in this case closely parallel the arguments made in Moritz v. Frontier Airlines, Inc., 147 F.3d 784 (8th Cir. 1998). In Moritz, we affirmed the district court's grant of summary judgment to Frontier Airlines on a gate agent's disability claim because the gate agent could not perform an essential function of her job—the boarding and deplaning of elderly and disabled passengers. See id. at 785-88. In opposing summary judgment, the gate agent argued that assisting these passengers was not an essential function of her job because she only assisted passengers for a few minutes each week and other employees were available to help perform this duty. See id. at 787. In contrast, Frontier Airlines viewed assistance of these passengers as an essential function of the gate agent position, and its employees were expected to perform a wide variety of duties, especially because Frontier Airlines was a start-up company with limited staff. See id.

Summerville's case is indistinguishable from Moritz. True, TWA generally may not encounter the same limited staffing problems as a start-up airline. But, in the situations at issue here, TWA does face similar short-staffing problems. In fact, TWA negotiated for the provision in the collective bargaining agreement that prevents employees on limited duty from working overtime and holidays because of the limited staff TWA has available on these shifts. Thus, we hold, as a matter of law, lifting is an essential function of Summerville's overtime, holiday, and day-trading employment.

Finally, Summerville could still prevail if he could perform these essential functions with a reasonable accommodation. See Benson, 62 F.3d at 1112. Summerville contends he can be reasonably accommodated by being allowed to work his zone coordinator job on overtime, holiday, and day-trading shifts. This argument misses the point. As noted, during these shifts, Summerville must be available to work customer service agent and employee-in-charge positions. Thus, we reject this

contention, and TWA is entitled to judgment as a matter of law on Summerville's disability discrimination claim.

The district court judgment is affirmed in part and reversed in part, and we remand the case for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.