# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1790

_____

Jerry Guyton; Mark Ebner; Wayne     *
Guyton; Dale Brown; Garry Krueger;    *
Randy Rhodes, on behalf of themselves   *
and all others similarly situated,       *
                                    *
           Appellants,            *    Appeal from the United States
                                    *    District Court for the
      v.                          *    District of Minnesota.
                                    *
The Schwan Food Company, Inc.;      *       [UNPUBLISHED]
Schwan's Home Service, Inc.;         *
Schwan's Sales Enterprises, Inc.,      *
                                    *
           Appellees.             *

_____

Submitted: December 17, 2004
Filed: February 7, 2005

_____

Before WOLLMAN, MAGILL, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Plaintiffs-Appellants Jerry Guyton, Mark Ebner, Wayne Guyton, Dale Brown, Garry Krueger, and Randy Rhodes, sales managers for Schwan's Home Service, Inc., a subsidiary of The Schwan Food Company, Inc. (collectively "Schwan"), appeal the

district court's[1] adverse grant of summary judgment in their action seeking overtime pay under the Fair Labor Standards Act ("FLSA") for time worked over forty hours per week.  See 29 U.S.C. § 207(a)(1).  The district court granted summary judgment to Schwan on the basis that sales managers are exempt from overtime pay under the Motor Carrier Act exemption to the FLSA.  See id. § 213(b)(1); 29 C.F.R. § 782.2(a).  Specifically, the district court found that (1) Schwan's "fixed and persisting intent at the time of shipment" is to transport property in interstate commerce, Roberts v. Levine, 921 F.2d 804, 813 (8th Cir. 1990), and (2) sales managers are called upon to perform safety-affecting activities "from time to time," 29 C.F.R. § 782.2(b)(3).

Having carefully reviewed the parties' briefs, the record, and the applicable law, we conclude that this case is directly controlled by Roberts and that the district court properly granted summary judgment to Schwan.  Because we have nothing to add to the district court's explanation, we affirm on the basis of the district court's memorandum and order.  See 8th Cir. R. 47B.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.