# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2221

_____

Thomas M. Finan,

      Appellee,

v.

Good Earth Tools, Inc.; Ballast Tools, Inc.,

      Appellant.

Appeal from the United States
District Court for the
Eastern District of Missouri.

_____

Submitted: April 14, 2009
Filed: May 19, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

      Thomas M. Finan sued his former employers, Good Earth Tools, Inc. and Ballast Tools Inc. (Good Earth) in district court,[1] alleging his termination violated Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(a). The jury returned a verdict in favor of Finan. Good Earth appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

      [1] The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

I.

Good Earth employed Finan as a traveling salesperson from 1996 to 2004. He traveled by car throughout the country and into Canada. In October 2001, a customer advised Good Earth that there was "something wrong" with Finan. Good Earth told him to be medically evaluated. Finan's doctor did not find a medical condition. He returned to work. In December, Finan drooled at a sales meeting, the result of an apparent seizure. Good Earth instructed him to return home and refrain from contacting any customers.

In March 2002, Finan had a meeting with a Good Earth owner, who later claimed Finan had a seizure during the meeting. In April, Finan's doctor informed Good Earth that there were no obstacles to Finan returning to work. Finan and the Good Earth owner met in May; the owner claims Finan had two "episodes" during the meeting. In August, a neurologist concluded that Finan did not have any brain dysfunction that would prevent him from working. Good Earth sent Finan to a company-selected neurologist who was unable to determine whether Finan was having seizures.

Finan returned to work in October 2002. In February 2003, Good Earth placed him on administrative leave, citing recent seizures, and ceased paying his base salary. Good Earth again instructed him to see the company-selected neurologist, who diagnosed Finan with complex partial seizure disorder in March. Finan's personal doctor concluded he had epilepsy, but with proper medication, his seizures should be controlled. Finan's doctor explained that he could return to work immediately and would be able to drive again once seizure-free for six months. Finan applied for, and began receiving, benefits under a private long-term disability policy.

In June 2003, Good Earth reinstated Finan's base pay, allowing him to make calls from home, but not travel. In October, he was once again permitted to drive and

make outside sales calls. The next month, Good Earth placed him on probation for meager sales performance compared to other salespersons. In early February 2004, Good Earth terminated his employment, citing poor sales, and failure to comply with company procedures for taking vacation.

Following his termination, Finan applied for Social Security disability benefits. The Social Security Administration found that Finan's epilepsy itself was not disabling, and that he "was not disabled prior to February 9, 2004," but was disabled after that date.

A jury found that Good Earth terminated Finan due to a perceived disability, awarding him $410,000 in back pay and $65,000 in damages.

## II.

Good Earth argues that the district court erred in denying its motion for judgment as a matter of law. This court reviews a denial of a motion for judgment as a matter of law de novo, applying the same standards as the district court. *Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008). Judgment as a matter of law following a jury verdict is appropriate only when the evidence is entirely insufficient to support a verdict. *Id.*

To obtain relief under the ADA, Finan was required to show that he was a disabled person within the meaning of the ADA, was qualified to perform the essential functions of his job, and suffered an adverse employment action because of his disability. *See Kosmicki v. Burlington N. & Santa Fe Ry. Co.*, 545 F.3d 649, 651 (8th Cir. 2008). The ADA defines a disability, with respect to an individual, as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." **42 U.S.C. § 12102(2)**. At trial, Finan

proceeded under the "regarded as" theory – that he was able to work, but he was terminated because Good Earth regarded him as disabled.

Good Earth primarily argues that Finan's regarded-as claim fails because he was not qualified to perform the essential functions of his job. "In order to be regarded as disabled with respect to the major life activity of working, the employer must mistakenly believe that the actual impairment substantially limits the employee's ability to work." *Chalfant v. Titan Distribution, Inc.*, 475 F.3d 982, 989 (8th Cir. 2007). Good Earth claims it did believe that Finan's condition substantially limited his ability to work, but that its belief was not mistaken. Whether Finan was able to perform the essential functions of his job at the time of his discharge is a question of fact. Finan presented evidence at trial that he was fit to drive and perform the other essential functions of the job of traveling salesperson, without accommodation. Good Earth's contrary evidence was apparently not believed by the jury. The evidence was sufficient for a reasonable jury to conclude that Finan was able to perform the essential functions of his job.

Good Earth emphasizes Finan's receipt of private and Social Security disability benefits, asserting that his receipt of benefits conclusively proves he was incapable of working. When Finan applied for benefits under his private long-term disability policy in April 2003, he met the policy's requirements: a "disability or sickness," a doctor's care, and at least a 20 percent decrease of income. This does not prove that Finan was disabled under the ADA.

An ADA plaintiff must proffer a sufficient explanation for the apparent contradiction arising out of an earlier Social Security disability claim. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 765, 806-07 (1999). First, the Social Security Administration did not find that Finan was incapable of performing the essential functions of his job at Good Earth. Rather, the Administration determined that considering his age, education, work experience, and residual functional capacity,

there are not a significant number of jobs in the national economy that he could perform. Additionally, Finan's medical condition changed over time. The Administration found that although he was disabled for Social Security purposes after February 9, 2004, he was not disabled prior to his termination. Finan sufficiently explained any apparent contradiction between his Social Security and ADA claims.

Next, Good Earth asserts that the district court erred in allowing Finan to introduce evidence that he was not given a reasonable accommodation while he was disabled, because the evidence served only to make Good Earth appear hostile toward people with disabilities. This court reviews the evidentiary rulings of a district court for abuse of discretion, and reverses only when an improper evidentiary ruling affects the substantial rights of the defendant, or the error had more than a slight influence on the verdict. *United States v. Elbert*, 561 F.3d 771, 775 (8th Cir. 2009). Good Earth is correct that an employee who is "regarded as disabled" is not entitled to a reasonable accommodation. *See Weber v. Strippit, Inc.*, 186 F.3d 907, 917 (8th Cir. 1999). However, Good Earth vigorously contends that Finan was not "regarded as disabled," but actually disabled at the time he requested the reasonable accommodations. Good Earth's responses to his requests for accommodation are probative as to whether Good Earth harbored animosity toward Finan due to his epilepsy. *See Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 834 (8th Cir. 2000) ("Failing to provide an employee with reasonable accommodations can tend to prove that the employer also acted adversely against the employee because of the individual's disability."). Good Earth fails to indicate how any prejudice resulting from admission of this evidence outweighs its probative value. *See* **Fed. R. Evid. 403**. Further, contrary to Good Earth's assertion, the amount of reasonable-accommodation evidence presented to the jury was limited. Good Earth proffers that it objected repeatedly to the introduction of reasonable-accommodation evidence, citing 15 portions of the trial transcript. Of those, testimony touching upon accommodations was allowed twice. The district court did not abuse its discretion in allowing Finan's introduction of reasonable-accommodation evidence.

Good Earth claims that the verdict should be reversed because Finan attempted to mislead the district court in an attempt to obtain appointed counsel by submitting an in forma pauperis affidavit. A district court has discretion to dismiss a case with prejudice where a plaintiff has in bad faith filed a false affidavit of poverty. *Romesburg v. Trickey*, 908 F.2d 258, 260 (8th Cir. 1990). The affidavit in question was filed in an associated case Finan originally maintained with his wife. The district court did not find that Finan filed the affidavit in bad faith. Finan moved to withdraw as a plaintiff in that case and then filed an amended financial affidavit on his wife's behalf. Good Earth has not identified any falsehoods in the amended financial affidavit. The district court did not err in refusing to reverse the jury's verdict on this ground.

Finally, Good Earth argues that Finan is not entitled to back pay because he was unable to perform the essential functions of his job. Again, the jury specifically found that Finan was qualified to perform the essential functions of his job at the time he was discharged. Therefore, the award of back pay was appropriate.

III.

The judgment of the district court is affirmed.

_____