# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2240

_____

Jeff Knutson

*Plaintiff - Appellant*

v.

Schwan's Home Service, Inc.;
Schwan Food Company

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 11, 2012
Filed: April 3, 2013

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Jeffrey D. Knutson argues on appeal that Schwan's Home Service, Inc. (Home Service), terminated him contrary to the Americans with Disabilities Act, 42 U.S.C.

§§ 12101, et seq., and that Home Service breached his contract.  The district court[1] had granted summary judgment to Home Service on all claims.  Knutson asserts that he is disabled and qualified to perform the essential functions of his job, and that Home Service breached his contract by not reimbursing mileage or paying a bonus. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Home Service delivers frozen food to end-user customers at home or work. Home Service employed Knutson as a Location General Manager of a depot.  He excelled in this position.  The position description states that a Manager "[m]ust meet the Federal Department of Transportation eligibility requirements, including appropriate driver's license and corresponding medical certification as a condition of employment for this position."  Knutson's "Conditional Offer of Employment" required him to be "DOT Qualified" for trucks weighing over 10,000 pounds and explained that the offer was "expressly conditioned on . . . meeting [DOT] and Company standards for a . . . physical examination."  He held a Medical Examiner's Certificate (MEC) and was fully DOT qualified through July 2009.

In March 2008, he suffered a penetrating eye injury.  "Any driver whose ability to perform his/her normal duties has been impaired by a physical or mental injury" must be "medically examined and certified."  **49 C.F.R. § 391.45**.  In December, an eye doctor refused to give Knutson an MEC or a waiver.  On January 6, 2009, Home Service placed him on a 30-day leave of absence to obtain either an MEC or a non-DOT-qualified job at the company.  He failed to obtain either within 30 days.  Home Service fired him.  His final paycheck did not include mileage reimbursement or a bonus.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

## II.

Knutson argues that the district court erred in granting summary judgment to Home Service on his ADA claim. "This court reviews a district court's grant of summary judgment de novo and may affirm the district court on any basis supported by the record." *St. Martin v. City of St. Paul*, 680 F.3d 1027, 1032 (8th Cir. 2012). "Summary judgment is appropriate only when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Duello v. Buchanan Cnty. Bd. of Sup'rs*, 628 F.3d 968, 972 (8th Cir. 2010). To establish a prima facie case under the ADA, Knutson was required to show that he was disabled "within the meaning of the ADA, was qualified to perform the essential functions of his job, and suffered an adverse employment action because of his disability." *Finan v. Good Earth Tools, Inc.*, 565 F.3d 1076, 1079 (8th Cir. 2009).

Knutson contends that he qualifies as disabled under the ADA Amendments Act of 2008 (ADAAA). *See* **Pub. L. No. 110-325**, **122 Stat. 3553** (2008) (codified at **42 U.S.C. § 12101**); *see, e.g.*, *Fleishman v. Continental Cas. Co.*, 698 F.3d 598, 606 n.3 (7th Cir. 2012) (noting that the ADAAA relaxed the requirements for showing a disability). Home Service terminated him after the ADAAA took effect. However, this court need not decide whether he was disabled under the ADAAA, because assuming, without deciding, that he was disabled, he was not qualified to perform an essential function of his job.

Knutson claims that being DOT qualified to drive a delivery truck – and thus obtaining an MEC – was not an essential function of the Manager's position. "Essential functions" are "the fundamental job duties of the employment position the individual with a disability holds." **29 C.F.R. § 1630.2(n)(1)**.

> Evidence to consider in this determination may include: (1) the
> employer's judgment as to which functions are essential; (2) written job

descriptions prepared before advertising or interviewing applicants for the job; (3) the amount of time spent on the job performing the function; (4) the consequences of not requiring the incumbent to perform the function; and (5) the current work experience of incumbents in similar jobs.

***Kammueller v. Loomis, Fargo & Co.***, 383 F.3d 779, 786 (8th Cir. 2004); *see generally* **29 C.F.R. § 1630.2(n)(3)**. The employer's judgment about an essential job function "is considered highly probative." ***Duello***, 628 F.3d at 972.

The "Position Description" for Knutson's position states that Managers "[m]ust meet the [DOT] eligibility requirements, including . . . corresponding medical certification as a condition of employment for this position." The "Conditional Offer of Employment" signed by Knutson required him to meet DOT "and Company standards for a pre-employment . . . physical examination." The conditional offer also stated that he must be "DOT Qualified" for driving trucks weighing over 10,000 pounds. The DOT requires that a driver of a "commercial motor vehicle" be "medically certified as physically qualified to do so." **49 C.F.R. §§ 391.41**, **391.43** (detailing DOT requirements for an MEC, including a medical exam for "visual acuity"). A "commercial motor vehicle" is a vehicle weighing 10,001 pounds or greater and used in interstate commerce. ***Id.*** **§ 390.5**. It is undisputed that Home Service's delivery trucks weigh over 10,000 pounds.

This court previously considered whether the DOT regulations apply to Knutson's Manager position (then called a Sales Manager). ***Guyton v. Schwan Food Co., Inc.***, 125 Fed. Appx. 84, 85 (8th Cir. 2005) (per curiam), *aff'g*, No. 03-5523, 2004 WL 533942 (D. Minn. Mar. 16, 2004). In *Guyton*, the district court found that Managers use Home Service's delivery trucks in interstate commerce. ***Guyton***, 2004 WL 533942, at *7. The district court opined, "While sales managers do not necessarily drive the delivery trucks every day or even every week, [they] are required, at the very least, to drive the vehicles from 'time to time.'" ***Id.*** at *6. The

court concluded, "[A] sales manager's duties include driving route delivery trucks . . . and it is undisputed that sales managers actually engage in that activity." *Id.* This court affirmed the district court's ruling that Managers "are employees [for] 'whom the Secretary of Transportation has power to establish qualifications.'" *Id.* at \*7, *quoting* **29 U.S.C. § 213(b)(1)**. After this court decided *Guyton*, Home Service required all Managers to obtain DOT qualification.[2]

Home Service supervisors testified that Managers drive delivery trucks to deliver product and train new employees. If Managers did not drive trucks, Home Service would deliver less product, affecting sales, and would have to restructure how it trains new drivers. *See id.* at \*1. The record also showed that all other Managers were DOT qualified when Knutson was terminated.[3]

Knutson claims he managed his depot successfully without driving a delivery truck. However, he was DOT qualified at the time of his eye injury, admitted to delivering product in his personal vehicle, and testified that, since November 2007, he had driven a truck "less than 50 [times]" while serving as a Manager. *See Dropinski v. Douglas Cnty., Neb.*, 298 F.3d 704, 708-09 (8th Cir. 2002) (holding

---

[2]The Manager's "Position Description" differentiates between being "DOT Qualified" and "DOT Certified." DOT certification is required only for driving trucks weighing over 26,001 pounds — irrelevant in this case. *See* **49 C.F.R. § 383.5**.

[3]Knutson asserts that Home Service employed Managers who were not DOT qualified. He cites only his own testimony claiming that he heard from others about non-DOT-qualified Managers working at some time in the past. *See Mason v. Corr. Med. Services, Inc.*, 559 F.3d 880, 885 (8th Cir. 2009) (holding that the plaintiff's own testimony was "inadmissible hearsay" and that he could not "rely on [it] to avoid summary judgment"). Even if this evidence were not hearsay, he still fails to introduce evidence that Home Service employed a non-DOT-qualified Manager within years before he was terminated.

that, though the employee claimed he "never performed" some of the job functions, they were still essential because he "may be required" to perform them). Knutson's "specific personal experience is of no consequence in the essential functions equation." *Id.* at 709. "Instead, it is the written job description, the employer's judgment, and the experience and expectations of all [Managers] generally [that] establish the essential functions of the job." *Id.*

No genuine issue of material fact exists that being DOT qualified to drive a delivery truck is an essential function of Knutson's position. *See **Guyton***, 125 Fed. Appx. at 85; *see also **Alexander v. Northland Inn***, 321 F.3d 723, 727 (8th Cir. 2003) (affirming summary judgment because vacuuming was an essential job function the employee was not qualified to perform, though she vacuumed less frequently than similarly situated employees); ***Summerville v. Trans World Airlines, Inc.***, 219 F.3d 855, 858-59 (8th Cir. 2000) (assisting passengers was an essential job function, though it required only a few minutes each week). Because Knutson admits he did not obtain an MEC – and therefore was not DOT qualified – he was not qualified to perform an essential job function. *See **Guyton***, 125 Fed. Appx. at 85; ***Bay v. Cassens Transport Co.***, 212 F.3d 969, 974 (7th Cir. 2000) ("Under applicable DOT regulations, [the employer] was not allowed to permit [the employee] to resume driving until he produced a copy of a doctor's certificate indicating he was physically qualified to drive, and nothing in the ADA purports to change that obligation." (internal citations and quotation marks omitted)); **49 C.F.R. § 391.11(a)** ("A person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle.").

Knutson attacks Home Service for allowing him to remain a Manager for over nine months after his eye injury. *See* **49 C.F.R. § 391.45** (requiring recertification of an MEC following an injury). Home Service claims it was "optimistic" about his recovery. After an eye doctor refused to give him an MEC or a waiver, Home Service did place Knutson on leave to obtain an MEC (or another job at the company).

-6-

Knutson argues that Home Service did not make reasonable accommodations for him or engage in an interactive dialogue. *See **EEOC v. Convergys***, 491 F.3d 790, 795 (8th Cir. 2007). "Once the employer is made aware of the legitimate need for an accommodation, the employer must make a reasonable effort to determine the appropriate accommodation." ***Id.*** Knutson's requested accommodation was to perform his job without being DOT qualified, because he asserts that after his injury he was able to work as a Manager without needing to drive a delivery truck. But "an accommodation is unreasonable if it requires the employer to eliminate an essential function of the job." ***Id.*** at 796. Moreover, the employer "is not required to reassign existing workers to assist [the employee] in his essential duties." ***Dropinski***, 298 F.3d at 709; ***Alexander***, 321 F.3d at 727-28 (holding the requested accommodation unreasonable "because it would have required [the employer] to assign [the employee's] vacuuming responsibilities to other employees"). Eliminating the essential job function of being DOT qualified would be an unreasonable accommodation. *See **Bay***, 212 F.3d at 974.

Regardless, Home Service attempted to accommodate him and engaged in an interactive dialogue by giving him the option of applying for non-DOT-qualified jobs at the company. *See **Fjellestad v. Pizza Hut of Am., Inc.***, 188 F.3d 944, 954 (8th Cir. 1999) (explaining that employers must "make a good faith effort to seek accommodations"); *see also **Huber v. Wal-Mart***, 486 F.3d 480, 484 (8th Cir. 2007) ("[T]he ADA . . . does not require an employer to reassign a qualified disabled employee to a vacant position . . . ."). The district court did not err in granting summary judgment to Home Service, because Knutson was not qualified to perform an essential function of his job.[4]

_____

[4]He also claims that the district court incorrectly found that he needed a Commercial Driver's License (CDL) for the Manager's position. *See* **49 C.F.R. § 383.5** (requiring a CDL only for commercial motor vehicles that weigh over 26,001 pounds). The court made no such finding. *See **Knutson v. Schwan's Home Service,***

III.

Knutson argues that the district court erred in granting summary judgment to Home Service on his breach of contract claims. This court reviews "de novo a district court's grant of summary judgment, as well as its interpretation of state law and the terms of a contract." *Employers Reinsurance Co. v. Massachusetts Mut. Life Ins. Co.*, 654 F.3d 782, 789 (8th Cir. 2011). "Summary judgment is proper if, viewing the record in the light most favorable to [Knutson], there is no genuine issue of material fact and [Home Service] is entitled to judgment as a matter of law." *Myers v. Richland Cnty.*, 429 F.3d 740, 750 (8th Cir. 2005). A breach of contract requires (1) formation of a contract, (2) performance of conditions precedent, and (3) breach of the contract. *Zinter v. Univ. of Minn.*, 799 N.W.2d 243, 245 (Minn. Ct. App. 2011).

Knutson claims that, when he was terminated, Home Service owed him $255.36 for mileage. Home Service argued below that no contract existed relating to mileage reimbursement. Knutson admits he had no written contract. Rather, he contends he had an oral contract because Home Service previously reimbursed him for mileage. *See Bergstedt, Wahlberg, Berquist Assocs., Inc. v. Rothchild*, 225 N.W.2d 261, 263 (Minn. 1975) ("[W]here the evidence fails to disclose an express agreement, the law may imply a contract from the circumstances or acts of the parties." (citation omitted)).

To support his claim for the disputed mileage reimbursement, he cites only his own deposition. Even assuming, without deciding, that an oral contract existed, he admitted in his deposition that a supervisor must still approve mileage reimbursement requests. *See Torgerson v. City of Rochester*, 643 F.3d 1031, 1052-53 (8th Cir.

*Inc.*, 870 F. Supp. 2d 685, 691-92 (D. Minn. 2012) ("[Although] the DOT regulations do not require a CDL to operate the . . . delivery vehicles, they are still commercial motor vehicles for other DOT purposes . . . requiring a[n] [MEC].").

-8-

2011) (en banc) (admissions in the plaintiff's own deposition may conclusively resolve the nature of the plaintiff's claim). He testified only that he requested the disputed reimbursement, not that a supervisor approved it. Nothing in the record shows that Home Service approved the disputed mileage. *See Scott v. Missouri Valley Physicians, P.C.*, 460 F.3d 968, 970 (8th Cir. 2006) (holding summary judgment appropriate where the employee "brought forth no evidence other than his own deposition and affidavits," failing to show his actions constituted whistleblowing under state law); *Rouse v. Dunkley & Bennett, P.A.*, 520 N.W.2d 406, 411 (Minn. 1994) (holding summary judgment appropriate where the plaintiff provided "only . . . his own deposition testimony" and failed to provide any supporting "documentary evidence"). Although determining whether a contract is implied "is usually a question . . . [for] the trier of fact," *Bergstedt*, 225 N.W.2d at 263, Knutson "has failed to present material evidence upon which a reasonable jury could find" that he was entitled to mileage reimbursement. *Myers*, 429 F.3d at 751. The district court did not err in granting summary judgment on his mileage reimbursement claim.

Knutson also claims that Home Service owed him a bonus. An employer owes an employee "wages or commission actually earned and unpaid at the time of discharge." **Minn. Stat. § 181.13**. The Minnesota Supreme Court "held that 'section 181.13(a) is a timing statute, mandating not *what* an employer must pay a discharged employee, but *when* an employer must pay a discharged employee.'" *Caldas v. Affordable Granite & Stone, Inc*, 820 N.W.2d 826, 837 (Minn. 2012) (emphases in original), *quoting Lee v. Fresenius Medical Care, Inc.*, 741 N.W.2d 117, 125 (Minn. 2007). Thus, the "wages that an employee has actually earned are defined by the employment contract between the employer and the employee . . . ." *Lee*, 741 N.W.2d at 127-28.

Knutson admits that, under Home Service's plan, bonuses are not earned unless the employee was "employed when the bonus was determined." He also admits that

Home Service determined the bonus at issue in March 2009 — after he was fired. *See Jenkins v. Mabus*, 646 F.3d 1023, 1026 (8th Cir. 2011) (holding that the plaintiff's own admissions defeated her argument). Nonetheless, he contends – again citing only his own deposition – he qualifies for the bonus because an exception exists if he had a "total disability as defined by [Home Service's] Long Term disability plan." But he provides neither Home Service's definition of a long-term disability, nor any evidence that he met that definition. *See Scott*, 460 F.3d at 970; *see also Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1012 (8th Cir. 2005) (affirming summary judgment in a defamation case where the plaintiff, in his own deposition, made "only vague references" to evidence that his employer harmed him), *abrogated on other grounds by Torgerson*, 643 F.3d 1031. Because Knutson has failed to present sufficient evidence to show a genuine issue of material fact, the district court did not err in granting summary judgment on his bonus claim.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____