# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2290

_____

United States of America

*Plaintiff - Appellee*

v.

DeShawn Montez Miller

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: December 18, 2015
Filed: February 22, 2016
[Unpublished]

_____

Before WOLLMAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Appellant-defendant DeShawn Miller ("Miller") appeals his conviction after a jury trial for Unlawful User in Possession of Firearm in violation of 18 U.S.C. §§ 922(g)(3), 924(a)(2). Miller argues: (1) the government failed to present sufficient

evidence to sustain the conviction; (2) the district court[1] erred in denying Miller's motion to exclude from evidence certain rap lyrics; and (3) the district court erred in imposing a sentence enhancement under the U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2K2.1(b)(6)(B). We affirm.

## I. BACKGROUND

On May 20, 2014, officers approached Miller's grandmother's garage attempting to locate an individual not a party here. As the officers approached, Miller threw something into a vehicle and shut the door. The officers peered into the vehicle and observed what officers later learned to be a 13.39 gram bag of marijuana and a Colt .45 caliber handgun (the "handgun") with one round in the chamber. The officers searched Miller's person and found $1,140.00 cash and keys to the vehicle. The officers also searched the garage and found two bags containing less than 2 grams of marijuana. A grand jury indicted Miller on one-count Unlawful User in Possession of Firearm, 18 U.S.C. §§ 922(g)(3), 924(a)(2).

Prior to trial, Miller moved to exclude evidence of rap lyrics Miller posted on Facebook (the "lyrics"). The lyrics, in pertinent part, stated:

> Momma told me, she told me, these . . . aint yo homies, watch how . . . change they change up that's why I keep one in the chamber cause imma take one wit me!!

(Emphasis added). The district court overruled the objection, allowing use of the lyrics on the cross-examination of Miller. A jury convicted Miller.

Prior to sentencing, Miller objected to a four-level firearm enhancement under

---

[1] The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

U.S.S.G. § 2K2.1(b)(6)(B). The sentencing judge applied the section 2K2.1(b)(6)(B) enhancement, reasoning "the presence of a loaded firearm, [and] the $1,140 in currency strongly suggests [the handgun] was possessed in connection with a possession with intent to distribute marijuana offense." The sentencing judge sentenced Miller to 30 months' (2½ years') imprisonment, the bottom end of the advisory Guideline range.

## II.  DISCUSSION

### A.    Sufficiency of the Evidence

Miller first argues the government failed to present sufficient evidence to sustain Miller's conviction.  We review sufficiency of the evidence questions de novo, examining the record "in the light most favorable to the jury verdict and giving the verdict the benefit of all reasonable inferences." United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008).  We reverse "only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." United States v. Coleman, 584 F.3d 1121, 1125 (8th Cir. 2009).

Section 922(g)(3) provides "[i]t shall be unlawful for any person . . . who is an unlawful user of or addicted to any controlled substance . . . [to] possess in or affecting commerce,[2] any firearm or ammunition."  To prove the elements of the crime, the government referred to the following:  (1) Miller threw a plastic bag into a vehicle and shut the door; (2) upon peering through the window of the vehicle, officers observed the handgun and a bag of marijuana; (3) officers discovered $1,140.00 cash and keys to the vehicle on Miller's person; (4) Miller, after waiving his Miranda rights, admitted to possession of both the marijuana and the handgun;

---

[2]The parties stipulated to the satisfaction of the interstate commerce prong of the offense.

and (5) Miller admitted to smoking marijuana "two or three times a week . . . . for approximately two years." Viewing the evidence in the light most favorable to the verdict, we conclude sufficient evidence supports the jury's verdict.

## B.     Motion to Exclude the Lyrics

Miller next argues the district court erred in denying Miller's motion to exclude the lyrics. We review "evidentiary rulings for abuse of discretion, reversing 'only when an improper evidentiary ruling affects the substantial rights of the defendant, or . . . had more than a slight influence on the verdict.' " United States v. Thomas, 791 F.3d 889, 895 (8th Cir. 2015) (quoting Finan v. Good Earth Tools, Inc., 565 F.3d 1076, 1080 (8th Cir. 2009)). Evidence is inadmissible if it is irrelevant or "its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 401-03. The district court "has broad discretion in determining the relevancy and admissibility of evidence." United States v. Wallace, 722 F.2d 415, 416 (8th Cir. 1983).

Miller first asserts the lyrics were irrelevant. To the contrary, Miller testified at trial that he did not possess the handgun. Miller's testimony made possession of the handgun a fact of consequence at trial. Accordingly, the lyrics became relevant on cross examination to show Miller, in fact, possessed the handgun because police confiscated the handgun with "one in the chamber," paralleling the lyrics posted by Miller. The lyrics, thus, had a "tendency to make a fact"—Miller's possession of the handgun—"more or less probable than it would be without the evidence." Fed. R. Evid. 401; see also United States v. Moore, 639 F.3d 443, 447-48 (8th Cir. 2011) (holding rap recordings about dealing cocaine were relevant to show knowledge and motive when the defendant testified he had never purchased or sold cocaine).

Miller also claims the lyrics were "unfairly prejudicial" because the lyrics portrayed Miller as "another dangerous, violent black man." But "[w]e give great

deference to a district court's application of the Rule 403 balancing test." United States v. Lupino, 301 F.3d 642, 646 (8th Cir. 2002). Here, the district court balanced the interests at stake and determined the value of the relevant evidence outweighed the prejudice to Miller. United States v. Gant, 721 F.3d 505, 510 (8th Cir. 2013) ("Damaging evidence is always prejudicial; the question is whether the evidence is *unfairly* prejudicial." (quoting United States v. Tyerman, 701 F.3d 552, 563 (8th Cir. 2012)). We hold no abuse of discretion occurred in the district court's denial of Miller's motion to exclude the lyrics.

## C.    Sentence Enhancement

Finally, Miller argues the sentencing judge erred in imposing a U.S.S.G. § 2K2.1(b)(6)(B) sentence enhancement for possession of a firearm in connection with another felony. We review "de novo the legal conclusions a district court reaches in order to apply an enhancement for purposes of calculating an advisory guidelines range . . . while the factual findings underpinning the enhancement are reviewed for clear error." United States v. Jenkins, 792 F.3d 931, 935 (8th Cir. 2015) (alteration in original) (quoting United States v. Battle, 774 F.3d 504, 516 (8th Cir. 2014)). "[S]entencing judges are required to find sentence-enhancing facts only by a preponderance of the evidence." Id. (alteration in original) (quoting United States v. Norwood, 774 F.3d 476, 479 (8th Cir. 2014) (per curiam)).

Section 2K2.1(b)(6)(B) provides an individual's offense level should be increased four levels if the individual "used or possessed any firearm or ammunition in connection with another felony offense." The advisory Guidelines define "[a]nother felony offense" as "any federal, state, or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." Id., cmt. n.14(C). Miller challenges whether preponderance of the evidence supported a finding that Miller violated Iowa Code § 124.401(1)(d), a Class D felony, arguing an intent to distribute cannot be shown

-5-

because of the small amount of marijuana confiscated with the handgun. We disagree.

In State v. Adams, the Supreme Court of Iowa affirmed a conviction under section 124.401(1) when the defendant, at the time of arrest, possessed 4.69 grams of crack-cocaine and $464.00 cash. 554 N.W.2d 686, 691-92 (Iowa 1996). The Court reasoned that sufficient evidence showed an intent to distribute because the "relatively small [quantity of drugs], when combined with the cash found on" the defendant created a reasonable inference the defendant "had already sold a quantity of drugs." Id. at 692. Similarly, in State v. Walton, the Court of Appeals of Iowa held a defendant intended to distribute marijuana under section 124.401(1) when the defendant, at the time of arrest, possessed 10.79 grams of marijuana. No. 14-0775, 2015 WL 1546451, at *4-5 (Iowa Ct. App. Apr. 8, 2015) (unpublished). The Court reasoned sufficient evidence supported the conviction because the marijuana was packaged in "corner baggies" and the defendant also possessed $493.20 cash in small denomination. Id. at *5.

Based on Iowa precedent in Adams and Walton, the evidence presented by the government regarding application of the section 2K2.1(b)(6)(B) enhancement was sufficient to show by preponderance of the evidence that Miller intended to distribute marijuana in violation of section 124.401(1)(d). Here, at the time of arrest, Miller possessed the keys to a vehicle that contained a 13.39 gram bag of marijuana and a loaded gun. Miller also had $1,140.00 on his person. Furthermore, just prior to Miller's arrest, police observed Miller throw a plastic bag into the vehicle and shut the door. After waiving his Miranda rights, Miller proceeded to tell officers that the handgun and the marijuana belonged to him, and officers located two more baggies containing small quantities of marijuana in the garage.

Thus, ample evidence supports the sentence enhancement imposed on the defendant by the sentencing judge.

-6-

## III.  CONCLUSION

Accordingly, we affirm.

_____